2026 Tex. Bus. Ct. 47



The Business Court of Texas,
1st Division

| | | |
|---|---|---|
| SYNERGY THERMOGEN, INC. and SYNERGY AUTOMATION LLC,<br><br>　　*Plaintiffs,*<br><br>v.<br><br>BLACKBRUSH OIL & GAS, L.P., et al.<br><br>　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| SYNERGY NC INVESTMENT LLC,<br><br>　　*Counter-Plaintiff and*<br>　　*Third-Party Plaintiff,*<br><br>v.<br><br>SYNERGY THERMOGEN, INC., et al.,<br><br>　　*Counter-Defendants and*<br>　　*Third-Party Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 25-BC01B-0011 |

**MEMORANDUM OPINION**

[¶ 1]   This case is about whether defendants breached contract duties under two related contracts to develop new oilfield technology.  Before the court is a discovery dispute concerning the discoverability of notes of a telephone call between plaintiff Synergy Automation LLC's former employee and a defendant's non-lawyer representatives.  The court considered the parties' pleadings, submissions, and arguments.

[¶ 2]   The pivotal issue is whether the notes are protected work product. After applying the applicable law, the court concludes that the notes are not core work product nor protected noncore work product because (i) they do not contain mental processes from an attorney or attorney's representative and (ii) plaintiffs have shown (a) a sufficient need for the notes and (b) it would be an undue burden to obtain the information by other means.

[¶ 3]   Accordingly, the court ordered the defendant to produce the notes under an Attorneys' Eyes Only designation pursuant to the agreed protective order.

## I.  BACKGROUND

### A.  The Parties and Jurisdiction

[¶ 4]  Plaintiffs Synergy Thermogen, Inc. and Synergy Automation LLC (collectively, Synergy) is an early-stage technology developer in the clean energy sector who operates to turn waste vapors and waste heat into usable energy.[1]

[¶ 5]  Defendant Blackbrush Oil & Gas L.P. is an oil and gas exploration and development company with extensive experience and expertise in the oil and gas industry.[2]

[¶ 6]  Synergy NC Investment LLC a/k/a Synergy NC Investors (NC Investors) is an investment entity formed by Blackbrush to invest in Synergy.[3]

[¶ 7]  Together, the parties signed several contracts to deploy and test Synergy's technology.[4]

[¶ 8]  The court has subject matter jurisdiction because (i) this case concerns alleged fiduciary breaches by an owner, controlling person, or

---

[1] Plaintiffs' Third Amended Petition (TAP) ¶ 2.
[2] TAP ¶ 3.
[3] *See* TAP ¶ 58.
[4] *See* TAP ¶s 29-30.

managerial official, and (ii) arises out of a qualified transaction. TEX. GOV'T CODE § 25A.004(b)(5), (d)(1).

## B. Procedural Background

[¶ 9]  On October 28, 2025, Todd Walker, a former Synergy employee, called Justin Gordon, Blackbrush's agent, to discuss Walker's issues with this lawsuit.[5]  Gordon told Phil Mezey about the phone call.[6]  Scott Martin and John Ward, other NC Investors representatives, later learned about the call.[7]

[¶ 10]  At Mezey's and Martin's direction, Ward contacted Walker to see if he would speak to them.[8]

[¶ 11]  On November 20, 2025, Walker had a phone call with Mezey, Martin, and Ward.[9]

[¶ 12]  At NC Investors' counsel's (Joel Kanvik) direction, Ward took notes during that conversation.[10]  An executive assistant later typed Ward's notes and sent them to Kanvik for review.[11]

---

[5] Appendix to Defendant's Brief Regarding Litigation Funding and Protection of Privileged Notes (Def's Brief App.) at 7, 9.
[6] Def's Brief App. at 27.
[7] *See* Def's Brief App. at 73-74.
[8] Def's Brief App. at 73, 79.
[9] Def's Brief App. at 10-11.
[10] Def's Brief App. at 80, 83.
[11] Def's Brief App. at 79-80.

[¶ 13]   Synergy first learned about the notes during Mezey's February 3, 2026, deposition.[12]   Thereafter, NC Investors contacted Synergy to provide general context about what was discussed during the November call.[13] However, Synergy wanted more information about the call.[14]

[¶ 14]   The parties attempted to resolve the discovery dispute.[15]

[¶ 15]   Due to disagreements about the extent of the notes' privilege status and whether Synergy's litigation funding itself was privileged, the parties sought the court's guidance during a February 19, 2026, status conference.[16]

[¶ 16]   After hearing the parties' arguments, the court told the parties to advance the issue to the letter writing stage.[17]   Which they did.

[¶ 17]   During a subsequent hearing and status conference, the court asked NC Investors to provide an *in camera* copy of the notes so the court could explore the extent of any privileged information that Walker improperly

---

[12] *See* Appendix to Plaintiffs' Response Brief on Discoverability of Defendants' Notes (Pls' Response Brief App.) at 347-48, 354-56.

[13] *See* Pls' Response Brief App. at 356.

[14] Pls' Response Brief App. at 356.

[15] Pls' Response Brief App. 354-56.

[16] 02/19/2026 Tr. 24:6-28:4.

[17] 02/19/2026 Tr. 31:16-32:5.

disclosed.[18] NC Investors complied but requested an opportunity to more fully brief the issue, which the court granted.

## II. DISCUSSION

### A. Work Product

[¶ 18]   Work product is either:

(1)   material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives…; or

(2)   a communication made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives[.]

TEX. R. CIV. P. 192.5(a).

[¶ 19]   "The primary purpose of the work product rule is to shelter the mental processes, conclusions, and legal theories of the attorney, providing a privileged area within which the lawyer can analyze and prepare his or her case." *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 803 (Tex. 2017) (quoting *Owens-Corning Fiberglas Corp. v. Caldwell*, 818 S.W.2d 749, 750 (Tex. 1991) (orig. proceeding)).  Thus, any work product containing either "the attorney's or the attorney's representative's mental impressions, opinions, conclusions,

---

[18] 04/08/2026 Tr. 7:10-20.

or legal theories—is not discoverable." TEX. R. CIV. P. 192.5(b)(1). This is called "core" or "opinion" work product. *See In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d at 803-04.

[¶ 20] Any other work product, called "noncore" or "ordinary" work product, is discoverable by showing that the party seeking discovery has (i) a substantial need for the materials and (ii) is unable to obtain their substantial equivalent without undue hardship. *See id.* at 804 (citing TEX. R. CIV. P. 192.5(b)(2)).

[¶ 21] Because Texas's work product doctrine closely mirrors firmly established federal doctrine, Texas courts often look to federal precedent when deciding work product questions. *Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 202 (Tex. 1993).

## B. Analysis

[¶ 22] NC Investors argues that the notes are core work product; it alternatively asserts that even if the notes are not core work product, they would still constitute noncore work product.[19] Synergy disagrees.[20]

---

[19] Defendant's Brief Regarding Litigation Funding and Protection of Privileged Notes (Def's Brief) at 12-13.
[20] Plaintiffs' Response Brief on Discoverability of Defendants' Notes (Pls' Response Brief) at 10-13.

[¶ 23] Because core work product is not discoverable, subject to inapplicable exceptions, the court first analyzes whether the notes are core work product. *In re Bexar Cnty. Crim. Dist. Attorney's Off.*, 224 S.W.3d 182, 187 (citing TEX. R. CIV. P. 192.5(c)).

### 1.    Core Work Product

[¶ 24] NC Investors asserts that the notes are core work product because attorney Kanvik told Ward to take the notes so Kanvik could provide legal advice to NC Investors.[21] The court disagrees.

[¶ 25] As the party seeking to establish that the notes are core work product, NC Investors must show that the notes (i) are documents or tangible things; (ii) were prepared in anticipation of litigation or for trial; (iii) were prepared by or for a party's representative; and (iv) contain the mental impressions, conclusions, opinions, or legal theories of an attorney or attorney's representative. *See SEC v. Brady*, 238 F.R.D. 429, 441 (N.D. Tex. 2006) (mem. op.) (analyzing federal work product doctrine); *see also In re Bexar Cnty. Crim. Dist. Attorney's Off.*, 224 S.W.3d at 186-87 (citing TEX. R. CIV. P. 192.5(a)-(b)).

---

[21] Def's Brief at 12; Def's Brief App. at 83-84.

[¶ 26] To begin, only whether the notes contain an attorney's or attorney's representative mental processes is at issue. However, an attorney or an attorney's representative did not create the notes nor was an attorney. on the call. While Kanvik requested one of the call participants to take notes, none of the call participants were Kanvik's "representative" within the rule. *See* TEX. R. EVID. 503(a)(4) (an attorney representative is either "one employed by the lawyer to assist in the rendition of professional legal services" or "an accountant who is reasonably necessary for the lawyer's rendition of professional legal services").

[¶ 27] Moreover, based on the court's *in camera* review, the notes are only a factual summary of the issues discussed during the phone call and lack mental impressions, opinions, conclusions, or legal strategies and are instead like traditional board meeting minutes. This aligns with the type of information courts hold is not core work product. *Compare Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Valdez*, 863 S.W.2d 458, 460 (Tex. 1993) (attorney's files not protected core work product if it does not reveal mental processes); *Mayes v. Simpson*, No. 6:14CV811-MHS-JDL, 2016 WL 8223976, at *3 (E.D. Tex. Jan. 12, 2016) (mem. op.) (recorded statement lacking mental impressions is ordinary work product not opinion work product

and therefore is discoverable) *with In re Sadler Clinic, PLLC*, No.12-34546, 2015 WL 1830531, at *5 (Bankr. S.D. Tex. Apr. 17, 2015) (mem. op.) (internal memorandum containing attorneys' mental impressions beyond just factual recitals constitute opinion work product).

[¶ 28]   Accordingly, the notes are not protected core work product. TEX. R. CIV. P. 192.5(b)(1) (limiting core work product to the mental processes of only an attorney or an attorney's representative).

### 2.   Noncore Work Product

[¶ 29]   Although NC Investors failed to show that the notes contained attorney mental impressions, Ward's and Kanvik's affidavits provide prima facie evidence that the notes were "material prepared … in anticipation of trial" and so qualify as noncore work product.[22]   *See* TEX. R. CIV. P. 192.5(a)(1).   Thus, Synergy had to prove that the notes are discoverable based on (i) substantial need and (ii) undue hardship.  *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d at 804 (citing TEX. R. CIV. P. 192.5(b)(2)).

---

[22] *See* Def's Brief App. at 79-80, 83-84.

### a.  Substantial Need

[¶ 30]  Synergy asserts that it has a substantial need for the notes because (i) Walker, as a former employee, was privy to Synergy's confidential and privileged information and (ii) they need to understand to what extent, if any, he disclosed such information.[23]  Ordinarily Synergy would need to make a *particularized* showing of need to obtain noncore work product; however, given the circumstances surrounding Walker's prior relationship with Synergy and the bases it raised, it established a sufficient need for the notes.  *See State v. Lowry*, 802 S.W.2d 669, 673 (Tex. 1991) (insurers' general request for information that could lead to evidence supporting their defense sufficiently established need given documents' contents were unknown).

### b.  Undue Hardship

[¶ 31]  Undue hardship is met by an "inability to obtain the substantial equivalent of the requested material." *In re Bexar Cnty. Crim. Dist. Attorney's Off.*, 224 S.W.3d at 188.  But ordinarily undue hardship is not shown if a party can obtain the contested information through other avenues, such as depositions.  *Brady*, 238 F.R.D. at 443.  Yet, "A party may demonstrate undue

---

[23] Pls' Response Brief at 11-13.

hardship if a witness cannot recall the events in question[;] … however, broad unsubstantiated assertions of unavailability or faulty memory are insufficient to show undue hardship." *Id.*

[¶ 32]  Here, Synergy asserts that it deposed three of the four call participants, yet none could remember specifics about the call even when given opportunities to refresh their recollections.[24]

[¶ 33]  But NC Investors argues that Synergy's failure to depose Ward, the notes' drafter, defeats Synergy's undue burden claim because it had an opportunity to depose him but did not take it.[25]  However, no deposition testimony gathered before discovery closed mentioned that he was a call participant.[26]  And Synergy formally[27] learned that Ward was on the call only after discovery closed and he filed an affidavit to that effect.[28]  So, Synergy

---

[24] Pls' Response Brief at 13; *see also* Pls' Response Brief App. at 90-91, 349-50.
[25] Def's Brief at 15.
[26] *See* Pls' Response Brief App. at 87-105, 331-339; Def's Brief App. at 6-18, 23-30, 73-76, 89-90.
[27] Synergy first saw that Ward wrote the notes when NC Investors' counsel inadvertently shared his screen during the April 8th hearing revealing confidential communications stating as much.  However, because fact discovery closed on April 10th, plaintiffs lacked an adequate opportunity to depose Ward.
[28] *See* Def's Brief App. at 79-81.

posits that its only way to obtain the information would be through producing the notes or deposing NC Investors' counsel, a more extreme measure.[29]

[¶ 34]  Here, Synergy deposed Walker, the individual who disclosed Synergy's information, and Mezey, the individual Synergy believed drafted the notes, yet neither witness recalled what information Walker specifically disclosed.[30]  Thus, Synergy had no reasonable basis to conclude that Ward drafted the notes and NC Investors did not clarify this misunderstanding even when this issue arose during the letter writing stage.[31]

[¶ 35]  Although Synergy could attempt to depose Ward, at this point given the current stage of the litigation and Synergy's prior efforts to question other call participants, the court concludes that it would be an undue hardship for Synergy to do so.  *See In re Int'l Sys. & Controls Corp. Secs. Lit.*, 693 F.2d 1235, 1240 (5th Cir. 1982) (undue hardship demonstrated if multiple deposed witnesses unable to recall relevant events).

---

[29] *See* Pls' Response Brief at 13.
[30] *See* Pls' Response Brief App. at 90-91, 349-50.
[31] *See* Pls' Brief App. at 373-76; 406-409.

### c. Conclusion

[¶ 36]  The notes are discoverable because Synergy demonstrated both a substantial need for the notes and inability to obtain the information contained in them without undue hardship.

## C.  Privilege of Litigation Funding

[¶ 37]  NC Investors separately argued that it should not be forced to produce the notes on the bases that (i) litigation funding is not privileged and (ii) even if it were privileged, Synergy waived that privilege.[32]  But whether litigation funding is privileged is not germane to protecting the notes from production as Synergy has generally demonstrated a substantial need to uncover whether Walker disclosed any of its privileged information.

## III.  CONCLUSION

[¶ 38]  Accordingly, the court concludes that the notes are not core work product nor protected noncore work product.  Accordingly, in its June 18 order, the court ordered NC Investors to produce the notes under an "Attorneys' Eyes Only" designation pursuant to the parties' agreed protective order.

---

[32] Def's Brief at 16-19.

It is so ORDERED.

_Bill Whitehill_

BILL WHITEHILL
Judge of the Texas Business Court,
First Division

SIGNED: July 16, 2026

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 117455905
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion on Notes Disclosing Litigation Funding
Status as of 7/16/2026 4:56 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Thomas MWeber | | tweber@msmtx.com | 7/16/2026 4:34:37 PM | SENT |
| Evan Singer | | epsinger@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Evan Singer | | epsinger@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Evan Singer | | epsinger@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Evan Singer | | epsinger@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Evan Singer | | epsinger@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Evan Singer | | epsinger@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Evan Singer | | epsinger@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Evan Singer | | epsinger@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Evan Singer | | epsinger@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Sidney SMcClung | | smcclung@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Sidney SMcClung | | smcclung@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Sidney SMcClung | | smcclung@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Sidney SMcClung | | smcclung@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Sidney SMcClung | | smcclung@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Sidney SMcClung | | smcclung@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Sidney SMcClung | | smcclung@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Sidney SMcClung | | smcclung@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Hailey N.Culhane | | hculhane@msmtx.com | 7/16/2026 4:34:37 PM | SENT |
| John M.Quinlan | | jquinlan@msmtx.com | 7/16/2026 4:34:37 PM | SENT |
| Quincy Smith | | qsmith@msmtx.com | 7/16/2026 4:34:37 PM | SENT |
| Camden Douglas | | cdouglas@jonesday.com | 7/16/2026 4:34:37 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 117455905
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion on Notes Disclosing Litigation Funding
Status as of 7/16/2026 4:56 PM CST

Case Contacts

| Camden Douglas | | cdouglas@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
|---|---|---|---|---|
| Kelly Swanson | | kswanson@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |
| Kelly Swanson | | kswanson@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |
| Business Court 1B | | BCDivision1B@txcourts.gov | 7/16/2026 4:34:37 PM | SENT |
| Alexis Desire | | adesire@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Alexis Desire | | adesire@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Alexis Desire | | adesire@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Alexis Desire | | adesire@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Alexis Desire | | adesire@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Alexis Desire | | adesire@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Alexis Desire | | adesire@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Alexis Desire | | adesire@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Alexis Desire | | adesire@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Conner Watson | | cwatson@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Conner Watson | | cwatson@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Conner Watson | | cwatson@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Conner Watson | | cwatson@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Conner Watson | | cwatson@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Conner Watson | | cwatson@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Conner Watson | | cwatson@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Conner Watson | | cwatson@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Conner Watson | | cwatson@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Steven Page | | spage@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 117455905
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion on Notes Disclosing Litigation Funding
Status as of 7/16/2026 4:56 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Steven Page | | spage@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |
| Steven Page | | spage@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |
| Lauren Varnado | | lvarnado@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |
| Lauren Varnado | | lvarnado@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |
| Rebecca Lecaroz | | rlecaroz@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |
| Rebecca Lecaroz | | rlecaroz@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |
| Matt Wood | | mwood@velawood.com | 7/16/2026 4:34:37 PM | SENT |
| Rachel E.Feiden | | rfeiden@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |
| Rachel E.Feiden | | rfeiden@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |
| Liz Stout | | lstout@msmtx.com | 7/16/2026 4:34:37 PM | SENT |
| Trevor Deason | | tdeason@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Matt Wood | | matt-wood-9525@ecf.pacerpro.com | 7/16/2026 4:34:37 PM | SENT |
| Rayna Costanzo | | rayna-costanzo-0764@ecf.pacerpro.com | 7/16/2026 4:34:37 PM | SENT |
| Trevor Deason | | tdeason@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Trevor Deason | | tdeason@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Trevor Deason | | tdeason@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Trevor Deason | | tdeason@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Trevor Deason | | tdeason@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Trevor Deason | | tdeason@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Trevor Deason | | tdeason@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Trevor Deason | | tdeason@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Kennedy McCormack | | kennedymccormack@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 117455905
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion on Notes Disclosing Litigation Funding
Status as of 7/16/2026 4:56 PM CST

Case Contacts

| Kennedy McCormack | | kennedymccormack@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |
|---|---|---|---|---|
| Kennedy McCormack | | kennedymccormack@brownrudnick.com | 7/16/2026 4:34:37 PM | SENT |
| Kaci H.Katusak | | kkatusak@jonesday.com | 7/16/2026 4:34:37 PM | SENT |
| Jonathan M.Khousam | | jkhouzam@jonesday.com | 7/16/2026 4:34:37 PM | SENT |